United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10651
Summary Calendar

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOHNNY JOSE RAMIREZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-114-ALL-C
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Johnny Jose Ramirez appeals his sentence imposed following
his guilty plea conviction for being a felon in possession of a
weapon.  Ramirez was sentenced to the maximum statutory sentence
of 120 months, to be followed by a three-year term of supervised
release.

Ramirez ar gues that the district court misapplied the
sentencing guidelines by enhancing his offense level pursuant to

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.S.G. § 2A1.2, the guideline for the offense of second degree murder, because the district court did not find and the evidence did not show that he acted with malice.

Ramirez argues that because the application of § 2A1.2 dramatically increased his guideline sentencing range, a higher standard of proof than the preponderance of the evidence was required to prove the sentencing factors. Ramirez's 120-month sentence was not a dramatic departure from the guideline sentence that could have been imposed if the second degree murder guideline had not been considered. Therefore, the district court did not err in failing to require a higher standard of proof than a preponderance of the evidence at sentencing. See United States v. Mergerson, 4 F.3d 337, 343 (5th Cir. 1993).

Ramirez concedes that his conduct did not constitute voluntary manslaughter because he did not act in the heat of passion or anger. Because Ramirez was a felon illegally in possession of a firearm at the time of the offense, an unlawful act, his conduct did not constitute involuntary manslaughter. See 18 U.S.C. § 1112(a).

In the absence of evidence that Ramirez believed that his life was in danger or that he was threatened with serious bodily harm by the approaching Prado, Ramirez's decision to shoot Prado exhibited extreme recklessness and wanton disregard for human life sufficient to display malice aforethought. Lara v. U.S. Parole Comm'n, 990 F.2d 839, 841 (5th Cir. 1993). Ramirez'S

failure to testify at sentencing left unrebutted the reliable evidence in the presentence report that Prado was unarmed during the incident and did not present a threat of serious bodily harm to Ramirez. Because the preponderance of the evidence showed that Ramirez committed second degree murder, the district court did not clearly err in relying on § 2A1.2 at sentencing.

AFFIRMED.